**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JUAN PEREIRA DA SILVA,

      Petitioner,

v.

ANTONE MONIZ, et al.,

      Respondents.

Civil Action No. 1:26-cv-10466-GAO

**RESPONDENTS' OPPOSITION TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

   Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the

District of Massachusetts, submit this opposition to Petitioner Juan Pereira Da Silva's Petition for

Habeas Corpus.  ECF No. 1. Respondents assert that because Petitioner was paroled into the United

States from his position, as an applicant for admission who was seeking admission into the United

States per 8 U.S.C. § 1225(b)(1), he is statutorily required to be returned to the same custody from

which he was paroled and treated in the same manner.  *See* 8 U.S.C. § 1182(d)(5)(A); *see also*

*Buenrostro-Mendez v. Bondi*, Docket No. 25-20496, 2026 WL 323330 (5th Cir. 2026) ("applicants

for admission,"  are "alien[s] present within the United States who ha[ve] not been admitted" by

lawful means citing 8 USC §§ 1225(a)(1), 1101(a)(13)(A) (definition of admission)).[1]  Indeed, as

this Court several instances has recognized, his return to that status does not violate due process.

*See Luna Banegas v. McDonald, Jr., et al.*, No. 25-cv-13161-NMG, ECF No. 11 at pp. 7-9 (D.

Mass. Nov. 21, 2025); *De Souza Costa v. Wesling, et al.,* No. 25-cv-13480-DJC, ECF. No. 9.

---

[1] The Respondents acknowledge that a decision by the Fifth Circuit Court of Appeals is not
binding precedent in this Circuit.

**BACKGROUND**

Petitioner is a Brazilian national. ECF No. 1, ¶ 29. Petitioner entered without inspection or admission by an immigration officer and on or about September 1, 2024, U.S. Customs and Border Patrol ("CBP") encountered him near Eagle Pass Texas. *See id*., ¶ 30. During this encounter, CBP issued Petitioner a Form I-860, Notice and Order of Expedited Removal, pursuant to 8 U.S.C. § 1182(2)(7)(A)(i)(I) and transferred him to Enforcement and Removal Operations ("ERO") custody. *See* Exhibit 1, Form I-213, Record of Deportable/Inadmissible Alien, *see also* ECF No. 1, ¶ 31.[2] Petitioner subsequently claimed a fear of return to Brazil and on September 23, 2024, the United States Citizenship and Immigration Service ("USCIS") concluded he presented a credible fear and issued him a Notice to Appear ("NTA"). Exhibit 1*; see also* Exhibit 2, Form I-862, Notice to Appear. Upon USCIS' issuance of the NTA, it vacated the Notice and Order of Expedited Removal. *See* Exhibit 2. USCIS filed the NTA with the Immigration Court on September 30, 2024. *See id*. (demonstrating the date and timestamp the document was uploaded to the Immigration Court's electronic case filing system). On October 2, 2024, ICE released Petitioner on Interim Parole. *See* Exhibit 1.

On November 27, 2025, Framingham Police Department arrested Petitioner for Assault and Battery on a Family/Household member. Exhibit 3, Interstate Identification Index. On November 28, 2025, ICE encountered Petitioner at the Framingham District Court, in Framingham, Massachusetts and arrested him pursuant to a Form I-200, Warrant for Arrest of

---

[2] Petitioner alleges that "ICE's own EARM I-213 records flag Petitioner as an 'LRA Criminal Charge' detainee." ECF No. 1, ¶ 3. Respondents submit the Form I-213 provided by agency counsel. Notably, the Enforcement Alien Removal Module is ICE's electronic case management system, rather than the physical document submitted as Exhibit 1, and whether someone is subject to mandatory custody under the Laken Riley Act is a legal argument and conclusion to be made by the Immigration Judge, as discussed *infra*.

Alien. Exhibit 1; *see also* ECF No. 1, ¶ 33. ICE subsequently transferred Petitioner to Plymouth County Correctional Facility, in Plymouth Massachusetts. Petitioner has not sought a bond hearing before the Immigration Court. ECF No. 1, ¶ 6.

Petitioner filed the Petition on January 28, 2026. ECF No. 1. Petitioner claims that "Respondents are detaining [him] as a mandatory detainee under the Laken Riley Act, without providing Petitioner an individualized custody determination . . ." and that such detention violates the Due Process Clause of the Constitution. ECF No. 1, ¶¶ 44-45. Petitioner primarily requests that this Court release him, or in the alternative, order that he receive a custody redetermination hearing under 8 U.S.C. § 1226(a) before the Immigration Court. *See* ECF No. 1 (PRAYER FOR RELIEF).

## **ARGUMENT**

### 1. **Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1).**

Petitioner was detained by immigration officials as an applicant for admission pursuant to 8 U.S.C. § 1225(b)(1) as he was originally issued a Notice and Order of Expedited Removal, presented a positive credible fear, and then released on interim parole under 8 U.S.C. § 1182(d)(5). *See* Exhibits 1-2. Petitioner acknowledges that ICE records show that the agency processed him for expedited removal and that he underwent the credible fear process. *See* ECF No. 1, ¶ 31. But, Petitioner fails to acknowledge that the I-213, or ICE's records he references, also state he was released on interim parole. *See* Exhibit 1; *see also* ECF No. 1, ¶¶ 29-41. Petitioner, likewise, does not claim that he was released on an Order of Recognizance or conditional parole. *See* ECF No. 1, ¶¶ 29-41. As such, based on Petitioner's admissions of what ICE's records show, and such records submitted, Petitioner squarely falls into 8 U.S.C. § 1225(b)(1), as an alien "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii).

After a petitioner's § 1182(d)(5) parole expires or is terminated, that petitioner is required to return to the custody and status from which he was paroled, and to be treated in the same manner as he was treated prior to his parole. *See* 8 U.S.C. § 1182(d)(5)(A) (requiring that after parole, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States"). 8 C.F.R. § 212.5(e) explains that parole may be terminated automatically or on notice. Petitioner makes no claim that his interim parole, as described in Exhibit 2, has not expired. *See* 8 C.F.R. § 212.5(e)(1)(ii); *see also* ECF No. 1, ¶¶ 29-41.

Here, at the time of his parole, Petitioner's custody status was an § 1225(b)(1) that of an arriving alien and applies to aliens initially determined to be inadmissible due to … lack of valid documentation. *See Jennings v. Rodriguez,* 583 U.S. 281, 287 (2018). As other sessions of this Court (and others in this circuit) have found, ICE's detention authority thus remains § 1225(b) once Petitioner is returned to custody after his parole ends. *See Luna Banegas*, No. 25-cv-13161-NMG, ECF. No. 11 at 6-7 (noting that "it is well established" that petitioner be returned to § 1225(b) detention after he was paroled from § 1225(b) custody); *De Souza Costa v. Wesling, et al.*, No. 25-cv-13480-DJC, ECF. No. 9 (Electronic Order finding that § 1225(b) continued to apply after parole termination); *Velasquez Rincon v. Hyde*, No. 25-cv-12633-BEM, ECF. No. 17 at 6-8 (D. Mass. Nov. 7, 2025) (finding that upon parole termination, petitioner was statutorily required to "forthwith return or be returned to the custody . . . from which [he] was paroled"); *Tenemasa-Lema v. Hyde*, No. 25-cv-13029-BEM, ECF No. 17 at 3-6 (D. Mass. Nov. 25, 2025) (same); *Alves De Souza v. Moniz, et al.*, No. 25-cv-13334-MJJ, ECF No. 12 at (D. Mass. Dec. 1, 2025) at 2-4 (same); *Alsaheb v. Moniz, et al.*, No. 25-cv-13422-MJJ, ECF No. 9 (D. Mass. Dec. 2, 2025) at 2-4 (same); *Martins-Januario v. Hyde, et al.*, No. 25-cv-13647-LTS, ECF No. 14 at 4-5 (D. Mass.

4

Jan. 28, 2026) (exercise of discretion in granting parole did not change detention authority). *See also See Caiza v. Scott,* No. 25-cv-00500-JAW, 2025 WL 3013081 (D. Me. Oct. 28, 2025), at *6-7 (finding that upon expiration of parole years earlier, petitioner must be restored to detention under § 1225(b)(2), and further rejecting Petitioner's argument that he was not subject to § 1226 because he had been "continuously living in the United States" after parole terminated) (citing 8 C.F.R. § 212.5(e)(1)(ii) and (e)(2)(i)); 8 U.S.C. § 1182(d)(5)(A))[3]. A finding otherwise here would contravene the express language of the statute and Congressional intent.

At bottom, parole under 8 U.S.C. § 1182(d)(5)(A) merely permits a noncitizen to physically enter this country, subject to the fact that he will always be treated as an applicant for admission subject to mandatory detention. *See De Souza Costa v. Wesling, et al.,* No. 25-cv-13480-DJC, ECF No. 9 (Electronic Order finding that § 1225(b) continued to apply after parole termination). In other words, aliens that are paroled into the United States, "even those paroled elsewhere in the country for years pending removal" remain treated for due process purposes "as if stopped at the border." *DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quoting *Shaughnessy v. U.S. ex rel. Mezei*, 345 U.S. 206, 215 (1953)); *see also Leng May Ma v. Barber*, 357 U.S. 185, 188-90 (1958); *Diaz Martinez v. Hyde*, -- F. Supp. 3d --, 2025 WL 2084238, at *3 (D. Mass. 2025). An applicant for admission, even if paroled into the United States, "remain[s] constructively detained at the border, *i.e.,* legally unadmitted, while their status is being resolved by immigration officials." *Ibragimov v. Gonzales*, 476 F.3d 125, 134 (2d Cir. 2007); *see also Duarte v. Mayorkas*, 27 F.4th

---

[3] As Judge Woodcock also noted, a conclusion that an alien initially detained pursuant § 1225(b) who was paroled into the United States then becomes subject to discretionary detention under § 1226(a) after parole expiration "would reward noncitizens paroled under § 1182(d)(5)(A) for their failure or refusal to report to ICE as directed." *Caiza*, 2025 WL 3013081, at *7.

1044, 1059 (5th Cir. 2022) ("[A] paroled alien is legally equivalent to an alien that is held in custody at the border while their application for admission is processed.").

As such, Petitioner's mandatory detention is authorized by statute.

### 2. **Return to Custody After Parole Does Not Violate Due Process.**

Moreover, as this Court and others have found, Petitioner's return to mandatory detention — as Congress intended and is statutorily required — does not violate due process. *See Luna Banegas*, No. 25-cv-13161-NMG, ECF No. 11 at 7-9 ("Because of the entry fiction doctrine, mandatory detention of petitioner under § 1225 does not deprive him of due process or run afoul of the Constitution); *De Souza Costa v. Wesling, et al*., No. 25-cv-13480-DJC, ECF No. 9 (Electronic Order finding that § 1225(b) continued to apply after parole termination). Aliens that are paroled into the United Sates, "even those paroled elsewhere in the country for years pending removal" remain treated for due process purposes "as if stopped at the border." *DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quoting *Shaughnessy v. U.S. ex rel. Mezei*, 345 U.S. 206, 215 (1953)); *see also Leng May Ma v. Barber*, 357 U.S. 185, 188-90 (1958); *Diaz Martinez v. Hyde*, -- F. Supp. 3d --, 2025 WL 2084238, at *3 (D. Mass. 2025). An applicant for admission, even if paroled into the United States, "remain[s] constructively detained at the border, *i.e.* legally unadmitted, while their status is being resolved by immigration officials." *Ibragimov v. Gonzales*, 476 F.3d 125, 134 (2d Cir. 2007); *see also Duarte v. Mayorkas*, 27 F.4th 1044, 1059 (5th Cir. 2022) ("[A] paroled alien is legally equivalent to an alien that is held in custody at the border while their application for admission is processed.").[4]

---

[4] Respondents acknowledge, but respectfully disagree with, the recent decisions to the contrary from other sessions of this Court. *See e.g. Rincon v. Hyde*, 2025 WL 3122784, at *1 (D. Mass. Nov. 7, 2025); *Alves De Souza v. Moniz*, No. 1:25-cv-13334-MJJ, ECF No. 12.

3. **Alternatively, Petitioner's Detention may be Mandatory Pursuant To 8 U.S.C. § 1226(c).**

Though Petitioner is subject to detention pursuant to Section 1225(b)(1), he may also subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). On January 29, 2025, the President signed into law the Laken Riley Act. *See* Laken Riley Act, S. 5, 119th Cong. (2025). Among other things, the Act amended 8 U.S.C. § 1226(c) to provide that the Attorney General "***shall*** take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, ***is arrested for***, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, ***or any crime that results in death or serious bodily injury to another person***." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Here, Petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). Exhibit 2. He also was recently arrested by the Framingham Police Department and charged with Assault and Battery on a Family/Household Member. Exhibit 3. Petitioner has not provided the police report, or alleged, that his Assault and Battery on a Household Member did not result in the death or serious bodily injury to another person. ECF No. 1, ¶¶ 29-41. As such, should this Court find that he is not detained pursuant 8 U.S.C. § 1225(b)(1), the Immigration Judge should get to determine in the first instance whether his detention falls within the parameters of 8 U.S.C. § 1226(c).

This is especially true, in light of the fact that Petitioner admits he has not sought a bond hearing before the Immigration Judge yet. ECF No. 1, ¶ 6. If Petitioner is, as he claims, not subject to mandatory custody under the Laken Riley Act, he should first attempt to exhaust the remedy of seeking a bond hearing. *See e.g.*, *Quinonez Mercado v. D.H.S.*, No. 25-cv-12066-JEK, 2025 WL

2430423, at *3 (D. Mass. Aug. 25, 2025); *Orellana Serrano v. McDonald*, No. 1:25-CV-13395-IT, 2025 WL 3296037, at *2 (D. Mass. Nov. 26, 2025); *Bernal Garcia v. Francis*, No. 1:25-CV-07715 (JLR), 2025 WL 2773234, at *8 (S.D.N.Y. Sept. 29, 2025) ("Given the availability of adequate administrative remedies to address Bernal Garcia's detention status, he must exhaust those remedies before seeking habeas relief."); *El Gamal v. Noem*, No. SA-25-CV-00664-OLG, 2025 WL 1857593, at *5 (W.D. Tex. July 2, 2025) ("The Court hastens to remind Petitioners that they still have an avenue for seeking their release from detention while their removal proceedings continue."); *Guzman v. Joyce*, No. 25-CV-4777 (RA), 2025 WL 1696891, at *2 (S.D.N.Y. June 17, 2025) (explaining that "with respect to Petitioner's detention, the INA and its implementing regulations permit him to file a request for bond in immigration court" and denying petition because "[h]e has not done so.").

### 4. <u>Any Relief Should be Limited to a Bond Hearing</u>

Further, Respondents contend that should this Court determine that Petitioner's detention is subject to 8 U.S.C. § 1226, the appropriate remedy is a bond hearing before an Immigration Judge ("IJ"), during which an IJ can properly determine in the first instance whether Petitioner is a flight risk or danger to the community. *See, e.g., Doe v. Moniz,* -- F. Supp. 3d ---, 2025 WL 2576819, at *11 (D. Mass. Sept. 5, 2025) (ordering bond hearing); *Escobar v. Hyde*, No. 25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (same); No. 25-cv-011571-JEK, 2025 WL 1869299, at *8-*9 (D. Mass. July 7, 2025) (finding the proper remedy is a bond hearing); *Romero*, 2025 WL 2403827, at *13 (same).  Here, too, it is appropriate for an IJ to determine whether Petitioner is a flight risk or a danger to the community—during which the government would hold bear the burden of proof, unlike in a habeas petition. *See Hernandez-Lara v. Lyons*, 10

8

F.4th 19, 27, 41 (1st Cir. 2021); 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

## CONCLUSION

For the foregoing reasons, the Court should deny the Petition as ICE's detention of Petitioner is lawful pursuant to statute, regulation, and the Constitution.

Dated: February 12, 2026                    Respectfully submitted,

                                            LEAH B. FOLEY
                                            United States Attorney

                        By:      */s/ Erica McMahon*
                                 Special Assistant United States Attorney
                                 United States Attorney's Office
                                 1 Courthouse Way, Suite 9200
                                 Boston, MA 02210
                                 Tel.: 617-748-3271
                                 Email: Erica.McMahon@usdoj.gov

## CERTIFICATE OF SERVICE

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: February 12, 2026                    By: */s/ Erica McMahon*
                                            Special Assistant United States Attorney

9